**Akhil BANSAL, Appellant**

v.

**James R. PAVLOCK; Darren Howard; Atul V. Patil; U.S. Attorney's Office; Federal Detention Center; Frank Costello; Allen Gonzalez; United States of America.**

No. 08–3740.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 16, 2009.

Opinion filed: Oct. 27, 2009.

Akhil Bansal, Schuylkill FCI, Minersville, PA, for Appellant.

Mary C. Frye, Esq., Office of United States Attorney, Philadelphia, PA, for James R. Pavlock; Darren Howard; Atul V. Patil; U.S. Attorney's Office; Federal Detention Center; Frank Costello; Allen Gonzalez; United States of America.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Akhil Bansal, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment for the defendants in his action claiming violations of the Privacy Act, 5 U.S.C. § 552a, the Federal Wiretap Act, 18 U.S.C. §§ 2510–2522, the Stored Communications Act, 18 U.S.C. §§ 2701–2711 ("SCA"), and the United States Constitution. We will affirm.

In 2006, Bansal was convicted in federal court of numerous counts of drug and money laundering charges in connection with his involvement in an international conspiracy to import and distribute prescription drugs. Bansal received a sentence of 30 years in prison.

In 2007, Bansal filed a complaint, which he later amended, against Assistant United States Attorneys James Pavlock and Frank Costello, Federal Detention Center employees Darren Howard and Allen Gonzalez, the Philadelphia United States Attorney's Office, the Federal Detention Center, and the United States. Bansal alleged that the defendants improperly disclosed his recorded telephone calls, which he made while he was detained at the Federal Detention Center. Bansal filed a motion for a temporary restraining order or a preliminary injunction, which the District Court denied. The District Court also granted the defendants' motion for summary judgment on Bansal's statutory and constitutional claims.[1] This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir.2007).

Bansal signed a waiver form acknowledging that his telephone calls at the Federal Detention Center would be monitored and recorded. During Bansal's trial, the Government subpoenaed his recorded telephone calls. As recognized by the District Court, the hearing transcript on Bansal's post-trial motions in his criminal proceedings reflects that Government case agent Eric Russ received a disk containing the recorded calls and a list of the phone numbers that Bansal had called. Agent Russ stated that he was familiar with the phone numbers of Bansal's attorneys and that he did not listen to calls Bansal made to them. Agent Russ tried to listen to a few of the calls, but he was unable to understand them because they were all spoken in Hindi. Agent Russ contacted a postal inspector familiar with the case who understood some Hindi and asked him if he could interpret the calls. The postal inspector also could not understand the recordings. The postal inspector played some of the recordings for his uncle, who told him that the conversations were about certificates, e-mails, and internet access. The postal inspector's uncle also stated that the male, presumably Bansal, sounded like he was trying to comfort a female. The postal inspector told Agent Russ what his uncle had told him.

■ We agree with the District Court that the defendants are entitled to summary judgment on Bansal's Privacy Act claims. The Privacy Act prohibits agencies from disclosing records contained in a system of records except pursuant to a written request by, or with the written consent of, the individual to whom the record pertains. 5 U.S.C. § 552a(b). This prohibition is subject to various exceptions, including disclosure for a "routine use" as defined in § 552a(a)(7) and described under § 552a(e)(4)(D). *Id.* § 552a(b)(3). Under § 552a(a)(7), a "routine use" means, with respect to a disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it is collected. *Id.* § 552a(a)(7). Section 552a(e)(4)(D) requires each agency that maintains a system of records to publish in the Federal Register a notice of each routine use of the records contained in the system of records. *Id.* § 552a(e)(4)(D).

The Department of Justice published in the Federal Register a notice that a routine use of Bureau of Prisons telephone records maintained in the system of records is disclosure to federal law enforcement agencies for law enforcement needs, including investigations and possible crimi-

---

1. Bansal also named as a defendant Atul Patil, one of the co-defendants in his criminal proceedings. The District Court dismissed the complaint against Patil without prejudice because Bansal never served him his complaint.

nal prosecutions, in accordance with the provisions of the Federal Wiretap Act. Notices, Department of Justice, 67 Fed.Reg. 16762–01 (April 8, 2002). The notice also provides that a purpose of the system of records is to ensure that inmates exercise their telephone privileges in a manner consistent with correctional goals and states that the system may be used to investigate suspected illegal activities. *Id.* Because the disclosures in this case fall under the routine use exception and, as discussed below, were in accordance with the Wiretap Act, the defendants are entitled to summary judgment on Bansal's Privacy Act claims.

The Federal Wiretap Act prohibits intentional interceptions of wire, oral, and electronic communications and disclosures of the contents of such interceptions knowing, or having reason to know, that they were obtained in violation of the Act. 18 U.S.C. § 2511(1). The Wiretap Act authorizes civil liability for statutory violations. *Id.* § 2520(a). It is not unlawful, however, for a person acting under color of law to intercept such a communication where one of the parties has given prior consent to the interception. *Id.* § 2511(2)(c). Here, Bansal consented to the monitoring and recording of his phone calls and there was thus no violation of the Wiretap Act. *See United States v. Conley*, 531 F.3d 56 (1st Cir.2008) (holding interception did not violate Wiretap Act where inmate consented to the monitoring of his calls); *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir.2002) (same). The subsequent disclosure of Bansal's calls for law enforcement purposes was authorized by § 2517 and did not violate the statute. *Conley*, 531 F.3d at 59–60; *Hammond*, 286 F.3d at 192–93. The District Court did not err in granting summary judgment for the defendants on Bansal's claims under the Wiretap Act.

We also agree with the District Court's conclusion that the defendants are entitled to summary judgment on Bansal's claims under the SCA. The SCA allows a civil cause of action against one who intentionally accesses without authorization a facility through which an electronic communications service is provided, or intentionally exceeds authorization to access that facility, and thereby obtains access to a wire or electronic communication while it is in electronic storage. 18 U.S.C. §§ 2701(a), 2707. It is not clear that the recorded telephone calls in this case were in "electronic storage" as defined by the SCA. However, even if the SCA applies, the statute is not violated by conduct authorized by the person providing a wire or electronic communication service or by a user of that service with respect to a communication of that user. *Id.* § 2701(c). Bansal concedes that he consented to the monitoring and recording of his calls for purposes which included protecting the public, and thus there was no unauthorized access.

Finally, for substantially the reasons set forth by the District Court, the District Court did not err in granting summary judgment on Bansal's constitutional claims.

Because this appeal does not raise a substantial question, we will affirm the order of the District Court.