OPINION OF THE COURT
CHAGARES, Circuit Judge.
Elizabeth Dempsey filed this lawsuit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., (“Title VII”) against her employer, Delaware Department of Public Safety (DPS), alleging that DPS discriminated against her on the basis of gender.[1] Dempsey asserted that *348 DPS disciplined her more harshly for misconduct than it did male employees that she alleged engaged in similar misconduct. The District Court granted summary judgment in favor of DPS. Dempsey appeals, and this Court will affirm the District Court’s judgment.
I.
The District Court granted DPS’s motion for summary judgment, holding that Dempsey failed to establish a prima facie case of gender discrimination. The District Court further held that even if Dempsey could make out a prima facie case, DPS articulated a legitimate nondiscriminatory reason for her discipline. Since Dempsey did not argue in her responsive brief that the proffered reason was a pretext for discrimination, the District Court held that DPS was entitled to summary judgment.
II.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.
We review the District Court’s grant of summary judgment de novo, applying the same standard that it used. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir.2008). We will view the evidence in the light most favorable to Dempsey and draw all justifiable, reasonable inferences in her favor. Id. We will affirm if “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [DPS] is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56.
III.
In the absence of direct evidence of discrimination (as in the present case), a plaintiff may prove discrimination according to the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, Dempsey bears the initial burden of establishing a prima facie case of gender discrimination. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817. If Dempsey succeeds, the burden shifts to DPS to set forth a “legitimate, nondiseriminatory reason” for its actions. Id. at 803, 93 S.Ct. 1817. If DPS meets its burden, Dempsey must then show that the proffered reason is a pretext for discrimination. Id. at 804, 93 S.Ct. 1817. Despite the burden-shifting, “[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).
For purposes of this appeal, we will assume that Dempsey established a prima facie case. Dempsey does not dispute that DPS articulated a legitimate, nondiscriminatory reason for her discipline. This case turns on Dempsey’s failure to meet her burden at the pretext stage.
DPS argued in the District Court that there was no evidence in the record to support a finding of pretext. Despite DPS advancing this argument in support of its motion for summary judgment, Dempsey did not dispute this argument in opposing the motion. The District Court noted this and determined that Dempsey “[did] not *349 even addi’ess pretext in her responsive brief.” Appendix 14.
We have recognized that in order for an issue to be preserved for purposes of appeal, a litigant “must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.” Shell Petroleum, Inc. v. United States, 182 F.3d 212, 218 (3d Cir.1999). Consequently, “[i]t is well established that arguments not raised before the District Court are waived on appeal.” DIRECTV Inc. v. Seijas, 508 F.3d 123, 125 n. 1 (3d Cir.2007). See also Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir.1995) (“If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.” (quoting Vaughner v. Pulito, 804 F.2d 873, 877 n. 2 (5th Cir.1986))); Liberies v. Cook County, 709 F.2d 1122, 1126 (7th Cir.1983) (“It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.”). Dempsey failed to argue before the District Court that DPS’s articulated legitimate, nondiscriminatory reason for her discipline was a pretext for discrimination and has therefore waived that argument on appeal. See generally Adair v. Charter County of Wayne, 452 F.3d 482, 491 (6th Cir.2006) (“Because Plaintiffs provide no argument on their challenge of pretext, it is waived.”). Because Dempsey has not established pretext, her Title VII claim must fail.
For the foregoing reasons, we will affirm the District Court’s judgment.

. Dempsey also alleged that DPS breached the covenant of good faith and fair dealing. *348 Dempsey explicitly abandoned that claim in the District Court.