

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# Directv Inc v. Seijas

Precedential or Non-Precedential: Precedential

Docket No. 05-1682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Directv Inc v. Seijas" (2007). *2007 Decisions*. Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1682

DIRECTV INC, a California corporation

v.

NELSON SEIJAS; PHIL VANASSE; JEFF
ALFONSO; ROBERT ALLEN;  RICHARD AMORE;
COURTNEY ANGLIN; BRIAN APPLEBY;
JERRY WAYNE ARNOLD; SCOTT A.
WILLIAMSON; RICHARD AMORE,

Third-Party Plaintiffs

v.

DANA AMORE; SANDRA CUMMINGS,

Third-Party Defendants

Scott Williamson,

Appellant.

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 03-cv-02429)
District Judge:  Hon. Stanley R. Chesler

Submitted under Third Circuit LAR 34.1(A)
September 25, 2007

Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed : November 30, 2007)

John W. Gibson, Esquire
1035 Fifth Avenue
Pittsburgh, PA 15219-6201

          Counsel for Appellant


Howard R. Rubin, Esquire
Marc J .Zwillinger, Esquire
Sonnenschein Nath & Rosenthal, LLP
1301 K. Street, N. W.
Suite 600, East Tower
Washington, D.C.  20005

Jonathan J. Sobel, Esquire
Galerman & Tabakin
1420 Walnut Street
Suite 1420
Philadelphia, PA 19103

Marc E. Wolin
Saiber, Schlesinger, Satz & Goldstein
One Gateway Center
Suite 1300
Newark, NJ 07102

          Counsel for Appellee

---

O P I N I O N

---

**ROTH,** <u>Circuit Judge</u>:

Defendant Scott Williamson appeals the District Court's grant of summary judgment in favor of DIRECTV, Inc., finding that Williamson violated the Federal Communications Act, 47

2

U.S.C. § 605, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511. This appeal presents the question of whether there is a private right of action for the unlawful interception of encrypted satellite transmissions under those statutory provisions. We hold that there is, and we will affirm the order of the District Court.

## I. **Factual and Procedural Background**

DIRECTV filed a complaint against Williamson and eight other defendants in the United States District Court for the District of New Jersey on May 23, 2003. In Counts I and II of its Complaint, DIRECTV alleged that Williamson and the other defendants had illegally intercepted DIRECTV's satellite transmissions in violation of the Federal Communications Act (47 U.S.C. § 605(a)) and the Electronic Communications Privacy Act (18 U.S.C. § 2511(1)(a)). In Count III, DIRECTV claimed that the defendants illegally possessed pirate access devices in violation of the Electronic Communications Privacy Act (18 U.S.C. § 2512(1)(b)).

Williamson responded to DIRECTV's complaint in a November 24, 2003, letter, rejecting all allegations and claiming that any devices purchased were not used for illegal activities. On September 9, 2004, DIRECTV sent discovery requests to Williamson's address via certified mail. The parties discussed those requests with the Magistrate Judge during an October 26, 2004, teleconference.

Months passed, and Williamson failed to respond to DIRECTV's discovery requests. On December 23, 2004, DIRECTV moved for summary judgment on Counts I and II. Williamson opposed on the sole ground that he had not received DIRECTV's requests for admission. The District Court issued an Opinion and Order granting DIRECTV's motion, awarding DIRECTV statutory damages, attorneys' fees, and injunctive relief. In its Opinion and Order, the District Court found that Williamson had not "acted in good faith or without fault" in

failing to respond to DIRECTV's discovery requests. Williamson now appeals.

3

## II. Discussion

We have jurisdiction over this appeal from a final judgment of the District Court pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo. *CAT Internet Servs. Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003).

The issues that we must consider in this appeal are whether DIRECTV has a private right of action under the Federal Communications Act, 47 U.S.C. § 605, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511.[1] Our review of questions of statutory interpretation is plenary. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 166 (3d Cir. 2005).

We held in *DIRECTV, Inc. v. Pepe*, 431 F.3d 162 (3d Cir. 2005), that private parties may bring an action for damages and injunctive relief for a violation of Section 2511 of the Electronic Communications Privacy Act. *Id.* at 167. Our reasoning was based on the plain language of Sections 2511(1)(a) and 2520. Other circuits have reached the same conclusion. *DIRECTV, Inc. v. Bennett*, 470 F.3d 565 (5th Cir. 2006); *DIRECTV, Inc. v. Nicholas*, 403 F.3d 223 (4th Cir. 2005).

We did not have to address directly in *Pepe* whether Section 605 of the Federal Communications Act provides a private right of action. But in describing DIRECTV's claims in that case, we stated, "Section 605 provides a civil remedy for the unauthorized use or publication of various wire or radio communications, including encrypted satellite broadcasts." *Pepe*, 431 F.3d at 164. We now hold that the Federal

---

[1] It is well established that arguments not raised before the District Court are waived on appeal. *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003). On appeal, Williamson claims the District Court also erred in permitting the joinder of multiple defendants and in granting injunctive relief. Williamson did not raise those claims before the District Court, and as such they have been waived.

Communications Act, 47 U.S.C. § 605, provides a private right of action for violations of the statute's prohibition of piracy of airborne transmissions.

The plain language of Section 605 makes clear that it provides private parties with such a cause of action. Section 605(a) (the subject of Count I of DIRECTV's complaint) provides, in relevant part, "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Section 605(e)(3)(A), in turn, provides, "*Any person* aggrieved by *any violation of subsection (a)* of this section . . . may bring a civil action in a United States district court . . .." 47 U.S.C § 605(e)(3)(A) (emphasis added). Section 605(e) plainly authorizes a private action for violations of Section 605(a).

## IV. Conclusion

For the reasons stated above, we conclude that there is a private right of action available under Section 605(a) of the Federal Communications Act, 47 U.S.C. § 605(a). Accordingly, we will **affirm** the District Court's order granting summary judgment in favor of DIRECTV.