

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Williams v. Amerisuites

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Williams v. Amerisuites" (2008). *2008 Decisions*. Paper 1568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3359

TERRY WILLIAMS; RAYMOND WILLIAMS, husband and wife,

Appellants

v.

AMERISUITES; HYATT CORPORATION; GLOBAL HYATT CORPORATION,

On Appeal of a Decision of the United States District Court
for the District of New Jersey (No. 07-cv-02755)
District Judge: Robert B. Kugler

Submitted under Third Circuit L.A.R. 34.1(a)
February 1, 2008

Before: RENDELL and CHAGARES, *Circuit Judges*,
and POLLAK,[*] *District Judge*.

(Filed: February 20, 2008 )

OPINION

POLLAK, *District Judge*

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

On June 13, 2007, plaintiff-appellants Terry and Raymond Williams instituted this action by filing a complaint against Amerisuites, Hyatt Corporation, and Global Hyatt Corporation. On its own motion, the District Court dismissed the complaint without prejudice because the complaint asserted jurisdiction under 28 U.S.C. § 1332 but did not properly allege the citizenship of each party. The plaintiffs filed an amended complaint on June 29, 2007, that corrected some of the omissions, but still failed properly to allege the citizenship of Raymond Williams. Accordingly, the District Court dismissed the amended complaint on July 5, 2007. On July 18, 2007, the plaintiffs filed a motion to reinstate the complaint and for leave to file a second amended complaint. The District Court construed this motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b), or, alternatively, for reconsideration under District of New Jersey Local Civil Rule 7.1(i), and denied the motion because the plaintiffs had not advanced any cause for relief cognizable under either rule.

In its decision, the District Court noted that the plaintiffs filed a bare motion without any accompanying statement of why the motion should be granted. This was unwise, because arguments are only preserved for appeal if they are first made to the District Court. *See, e.g.*, *DIRECTV, Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007). In choosing not to make any arguments to the District Court, the plaintiffs failed to preserve any arguments for appeal. Moreover, whether the plaintiffs' motion is construed as one to reconsider, alter, or grant relief from an otherwise final judgment, the plaintiffs,

2

as the moving parties, bore the burden of demonstrating their entitlement to relief. Because the plaintiffs failed to advance any reason for disturbing the judgment, we cannot fault the District Court for declining to do so.

* * * * *

For the foregoing reasons, we will affirm the District Court's order denying the plaintiffs' motion to reinstate the complaint and to file a second amended complaint.

3