

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# Michael Walsh v. Bank of Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Michael Walsh v. Bank of Amer" (2009). *2009 Decisions.* Paper 1647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2230
_____

MICHAEL WALSH,

Appellant

v.

BANK OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cv-504)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed: March 30, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Plaintiff Michael Walsh filed suit against Defendant Bank of America ("BOA")

alleging that BOA fired him because he is disabled, in violation of the Americans with

Disabilities Act (ADA), U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations

Act (PHRA), 42 Pa. Con. Stat. § 951 *et. seq.* Following discovery, the District Court granted BOA's motion for summary judgment, holding that Walsh had not established either that he was disabled under the ADA or that his employer regarded him as disabled. Because there are genuine issues of fact concerning whether Walsh was regarded as disabled by BOA, we will vacate and remand

## I.    Background

Walsh was hired in December 1999 as a Customer Service Representative in BOA's Scranton, Pennsylvania call center. Several years before being hired by BOA, Walsh had been diagnosed with Post Traumatic Stress Disorder ("PTSD") stemming from his service in the Vietnam War. On May 18, 2005, two BOA supervisors, Patricia Shultz and Dorothy Walker, informed Walsh that he was being terminated for failure to adequately comply with the company's policies and procedures.

On March 8, 2006, Walsh filed suit against BOA, alleging that the company took adverse employment action against him because of his disability, in violation of both the ADA and the PHRA. BOA filed a motion for summary judgment that was first considered by a Magistrate Judge. The Magistrate Judge recommended that summary judgment be granted for BOA because Walsh had not established that he was disabled under the ADA or that BOA considered him to be disabled.

Walsh filed objections to the Magistrate Judge's recommendation and BOA filed a reply to the objections. The District Court adopted the Magistrate Judge's report and

recommendation, concluding that "plaintiff cannot meet the threshold test for relief under the ADA - that he suffers from a disability that substantially limits a major life activity or was regarded by his employer as suffering from such a condition," and granted summary judgment to BOA. (App. at 38.)

Walsh filed a timely notice of appeal and argues that because there are genuine issues of material fact, the District Court erred in granting summary judgment.

## II.     Discussion[1]

We review the District Court's grant of summary judgment *de novo*. *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir. 2007) (citation committed). Accordingly, we apply the familiar standard that district courts are bound to apply in determining whether summary judgment is appropriate. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 130 (3d Cir. 2002). Summary judgment is only proper if, viewing the record in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *U.S. ex rel. Kosenske v. Carlisle HMA, Inc.,* 554 F.3d 88*,* 94 (3d Cir. 2009) (citing *Abramson v. William Paterson Coll.*, 260 F.3d 265, 276 (3d Cir. 2001); Fed.R.Civ.P. 56(c)).

---

[1] Because Walsh brought a claim under the ADA, the District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction to review the District Court's order granting summary judgment under 28 U.S.C. § 1291.

3

In order to make out a *prima facie* case of disability discrimination under the ADA,[2] Walsh must establish that he (1) has a disability, (2) is a qualified individual,[3] and (3) has suffered an adverse employment action because of that disability. *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (citations omitted). In relation to the first element, the ADA has provided a three-part definition of the term disability: "The term 'disability' means, with respect to an individual -- (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Because the ADA lists the three subcategories in the disjunctive, a plaintiff must only show that he is disabled under one of the three subparts to establish the first element of a *prima facie* disability discrimination case. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489 (1999) ("Our conclusion that petitioners have failed to state a claim that they are actually disabled under subsection (A) of the disability definition does not end our inquiry. Under subsection (C), individuals who are 'regarded as' having a disability are disabled within the meaning of the ADA."), *superseded by statute on*

---

[2] We have recognized that an "analysis of an ADA claim applies equally to a PHRA claim." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). Accordingly, we will analyze Walsh's ADA and PHRA claims together under the framework of the ADA.

[3] "A 'qualified individual' is defined as one 'who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (quoting 42 U.S.C. § 12111(8)).

4

*other grounds*, Amendments Act of 2008, Pub.L. No. 110-325, § 3(4)(E)(i), 122 Stat. 3553 (2008).

The District Court concluded that Walsh failed to establish the first element of an ADA case because he was unable to demonstrate that he was either disabled or that BOA regarded him as disabled. We conclude, however, that, when viewed in the light most favorable to Walsh, the record demonstrates that a material issue of fact remains in that regard. Walsh provided evidence that BOA did regard him as disabled. Significantly, BOA's personnel records listed him as a "Disabled Vietnam Veteran." (App. at 386.) In addition, he testified in his deposition that he informed three of his supervisors at BOA, Maureen Williamson, Jim Bell,[4] and Patricia Shultz, that he suffered from PTSD. (App.

---

[4] The Magistrate Judge and District Court disregarded Walsh's testimony that he informed Jim Bell about his PTSD because they found the testimony in Walsh's deposition and affidavit to be contradictory. (App. at 18-19 n.11.) We see no such contradiction. In Walsh's deposition he was asked, "Now other than Miss Williamson did you tell anyone else at Fleet or Bank of America that you had PTSD?" (App. at 346.) Walsh responded, "I told Jim Bell that I was going to go away to Lyons for two weeks to get a tune-up right after 9/11 2001. I said I might have to go away for two weeks to get a tune-up. He said that that's fine. I told him about it." (*Id.*) This appears to be a clear assertion by Walsh that he informed Jim Bell of his PTSD.

A few questions later, however, Walsh was asked, "Now in your conversation with Jim Bell, other than telling him that you might have to go to Lyons, did you tell him that you have PTSD?" (*Id.*) Walsh responded, "I don't recall telling him that." (*Id.*) This apparent contradiction is cleared up, however, by a later question in the deposition, when Walsh was asked, "Now, other than Mr. Bell and Maureen Williamson, did you tell anyone else at Fleet or Bank of America that you had PTSD?". (App. at 347.) Walsh responded that he had also told Ms. Schultz about his PTSD, but the question itself seems to indicate that both Walsh and the BOA attorney asking the question clearly understood that Walsh had told Jim Bell about his PTSD. (*Id.*) Walsh's affidavit, in which he again

5

at 345-46, 349-51.) In particular, Walsh's testimony regarding Shultz, if believed, is such that a jury could find it lends support to the conclusion that BOA regarded Walsh as disabled. In his affidavit, Walsh asserts that, once Shultz saw the documentary evidence of his PTSD, "her whole attitude changed, she was just looking for a chance to get rid of me." (App. at 435.) Walsh also testified that he asked several times to work only six hours a day because of his PTSD and filled out the necessary forms three times. (App. at 429.) He says that he was told by his supervisors at BOA that he would be given an accommodation but he was never moved to a six-hour work day. (App. at 428-29.)

Viewed in totality and in the light most favorable to Walsh, this evidence is sufficient for a reasonable fact finder to accept that BOA regarded Walsh as disabled. Walsh has therefore satisfied the first element of a *prima facie* ADA claim.

## III.    Conclusion

The District Court's grant of summary judgment was based upon its conclusion that Walsh had not provided sufficient evidence to prove either that he was disabled or that BOA regarded him as disabled. (App. at 36.) We have, therefore, restricted our analysis to that issue and do not address whether Walsh provided sufficient evidence to prove the other elements of a *prima facie* age discrimination case or pretext. Because Walsh has provided sufficient evidence to prove that BOA considered him disabled, the

---

states that he told  Jim Bell about his PTSD, simply clarifies and reenforces his earlier deposition testimony.  (App. at 427.)

6

District Court erred in granting summary judgment to BOA on Walsh's disability

discrimination claims.  Accordingly, we will vacate and remand.