NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1344
_____

NANCY SOEHNLE,
                            Appellant

v.

HESS CORPORATION
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-08-cv-05697)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2010

Before:  McKEE, Chief Judge, SLOVITER and RENDELL, Circuit Judges.

(Opinion Filed: November 1, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

    Nancy Soehnle ("plaintiff") appeals the United States District Court for the

Eastern District of Pennsylvania's grant of summary judgment to Hess Corporation on

plaintiff's claim under the Fair Labor Standards Act ("FLSA").  We will affirm.

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final order.

As we write primarily for the parties, we recite only those facts necessary to our analysis.  Plaintiff was employed as site manager at Hess's Lancaster County store.  Her responsibilities included supervision of other employees, scheduling of employees, delegating duties to site employees, recruiting, hiring, and training.  She was also responsible for the site's overall profitability, maintenance, and safety.  She spent 85% of her time operating the cash register and approximately one-half hour to one hour per day on management responsibilities.  She worked approximately seventy hours per week and was compensated at an annual salary of $34,000.  She was not paid for overtime work.

Plaintiff alleged that the denial of overtime pay for the hours she worked in excess of forty hours per week violated the FLSA.  29 U.S.C. § 201.  She claimed that, because she did not spend at least 60% of her time performing executive duties, she did not qualify for the administrative employee exemption from the FLSA.  29 U.S.C. § 213(a)(1).[1]  She further alleged that the District Court should not defer to the Department of Labor Regulations, which clearly establish that she was employed in a bona fide executive capacity, because the regulations conflicted with the FLSA.  Finally,

_____

[1] Section 213(a) explains that FLSA's overtime pay requirement does not apply to any "employee employed in a bona fide executive, administrative, or professional capacity . . . ( . . . *except* that an employee in a retail or service establishment shall not be excluded from the definition of an [executive employee] . . .  because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, *if less than 40 per centum of his hours worked in the workweek are devoted to such activities*.)"  29 U.S.C. § 213(a)(1) (emphasis added).

she claimed, in the alternative, that she was non-exempt even under the existing regulations because her primary duty was not management.

The District Court held that there were no genuine issues of material fact and that Hess was entitled to summary judgment as a matter of law.  The District Court rejected plaintiff's argument that § 213(a)(1) of the FLSA requires an employee to spend a minimum of 60% of her time on managerial duties to qualify as an executive and explained that the Secretary of Labor has promulgated *qualitative* factors to be used in evaluating whether an employee qualifies as an executive.  Considering these factors, the District Court concluded that plaintiff was a bona fide executive employee.  We review the District Court's grant of summary judgment *de novo*.  *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir. 2007).  To affirm, we must find that there is no genuine issue of material fact when the facts are viewed in the light most favorable to the nonmoving party.  *Orsatti v. New Jersey*, 71 F.3d 480, 482 (3d Cir. 1995).

The FLSA provides that employers are required to pay overtime compensation to employees who work over forty hours per work week.  However, 29 U.S.C. § 213(a)(1) states that any person employed in a bona fide executive, administrative, or professional capacity is exempt from this mandatory overtime compensation provision.  To qualify as exempt, the employee must satisfy the criteria set forth in 29 C.F.R. § 541.100.[2]  The

---

[2] Pursuant to the Regulations, an executive employee is an employee:
> (1) Compensated on a "salary basis" at a rate of not less than $455 per week;
> (2) *Whose primary duty is management* of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who "customarily and regularly" directs the work of two or more other employees; and (4) Who has the authority to hire or fire

only aspect of her qualification challenged by plaintiff on appeal is whether "management" was her "primary duty" as required by 29 C.F.R. § 541.100(a)(2). Plaintiff claims that the District Court erred by finding that she was a bona fide "management" employee when she spent at least 85% of her work day performing non-exempt duties.

The District Court properly found that the Regulations set forth a qualitative, not quantitative, test for whether an employee is a bona fide executive.[3] Under this multi-factor quantitative test, "primary duty" does not connote the most time-intensive of an employee's functions but instead refers to the "principal, main, major or most important" duty performed by the employee, regardless of how much time she devotes to it. *See* 29 C.F.R. § 541.700(a). We agree with the District Court's conclusion that plaintiff qualified as an exempt executive employee under this qualitative test. Plaintiff was the

other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. *See* 29 C.F.R. § 541.100(a)(1)-(4) (emphasis added).

[3] Although the District Court reached the correct conclusion regarding the qualitative nature of the test for a bona fide executive, the Court incorrectly interpreted § 213(a) of the FLSA in arriving at this conclusion. In assessing plaintiff's claim that § 213(a)(1) requires an employee to spend a minimum of 60% of her time on managerial duties to qualify for the overtime exemption, the District Court read § 213(a)(1) to state that employees *cannot be exempt from overtime pay* if they spend less than 40% of their time on non-managerial duties (or at least 60% on managerial duties). What the statute really states is that the Secretary *may not exclude from (i.e., must include in)* its definition of a bona fide executive any employee who spends less than 40% of his or her time on non-managerial duties. This mistake in interpretation led the District Court into an unnecessary and inaccurate discussion of ambiguities in the statute, but it did not affect its ultimate conclusion, with which we agree, that plaintiff's "60% argument" fails because § 213(a)(1) requires a qualitative evaluation.

sole manager of the Lancaster site and was held accountable for the profit and loss at the site; she was subject to minimal supervision but fully responsible for the supervision of several employees whom she hired, trained, and fired; and she was making 40% more than the hourly-wage employees at the site. Though plaintiff spent a large amount of her time operating the cash register, a non-exempt activity, a qualitative assessment of her responsibilities demonstrates that her primary duty was management. Thus, she was not entitled to overtime compensation under the FLSA.

Accordingly, we will affirm.