NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 10-2169

_____

WILLIAM P. BURROWS; OTTO G. BARTON, II;
CHRIS WILLIAM BENDER; TERRY WALTER,
                                        Appellants

v.

TOWNSHIP OF LOGAN

_____


On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 3-05-cv-00458)
District Judge:  Hon. Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2011

BEFORE:  JORDAN, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*

_____

(filed: March 2, 2011 )

_____

_____

OPINION OF THE COURT

_____

STAPLETON, *Circuit Judge*:

The District Court granted summary judgment to defendant Logan Township, Pennsylvania ("the Township") on the Age Discrimination in Employment Act ("ADEA") claims brought by Officers William Burrows, Otto Barton, Chris Bender, and Terry Walter (collectively, "Plaintiffs"), of the Township Police Department ("the Department"), after they were denied promotions. Plaintiffs appeal. We will affirm.

I.

A.

The Township retained the Police Education Research Forum ("the PERF") to conduct an assessment of the Department, and the PERF issued two reports containing a total of thirty-six recommendations, including that the Department "implement a promotional process in order to fill much needed vacant supervisory positions." App. at 201. As a result, the Township Board of Supervisors ("the Board"), which was comprised of Frank Meloy, Jerome Fulare, and Diane Meling, authorized a three-part promotional process (an application, written test, and oral interview) and announced that two officers would be promoted to the rank of sergeant. The Board issued a notice

describing the minimum qualifications and application process. Eight officers, including Barton, Bender, and Walter, applied. Burrows did not apply.

Thereafter, Burrows and Barton, along with Officer John Flinn, submitted a written grievance stating that "eleven [of the Department's twelve officers] voted to grieve the [promotion] process as it was deemed to be unfair." *Id*. at 132. At an executive session of the Board, Township counsel recommended, due to the grievance, that the new promotional process be scrapped and that the Board revert to simply appointing persons to the sergeant positions. The Board accepted this recommendation; decided, based on the advice of Police Chief Ronald Heller, that three, rather than two, sergeants be appointed; and promoted Officer Flinn (then fifty-five years old), Officer David Hoover (then thirty-nine years old), and Officer Kenneth Patterson (then thirty-seven years old), all of whom had applied. At the time of the promotions, Burrows and Barton were fifty years old, Bender was forty-one years old, and Walter was forty years old.

Supervisor Meloy initially supported Officer Flinn, Officer Patterson, and Burrows, because "I thought they were the best officers to implement PERF ideas," *id*. at 282, including those dealing with community policing and problem-solving. However, Supervisors Fulare and Meling were not in favor of Burrows because he had not applied, and so Supervisor Meloy in the end supported Officers Flinn, Patterson, and Hoover.

Supervisors Fulare and Meling also supported Officers Flinn, Patterson, and Hoover. Supervisor Fulare stated that Officer Patterson "came across as an honest person," and "as I recall he was a proponent of community policing," *id*. at 307, one of the PERF recommendations. Supervisor Meling chose Officer Hoover because he "had assumed some of the responsibilities of an investigator, even though he wasn't given those duties," *id*. at 289, and she did not support Plaintiffs because they were in a group of officers who, according to the PERF, "didn't seem to have the ability to work as a group to solve problems," and were instead "working individually to deal with issues." *Id*. at 291. In addition, Barton had been identified as being resistant to the PERF recommendations, and "I was not interested in promoting somebody who really was not buying into the, into implementing the recommendations that PERF had recommended." *Id*.

### B.

Burrows filed suit in the District Court for the Western District of Pennsylvania, alleging that the Township "failed and refused to consider [him] for the position of Sergeant because of his age," in violation of the ADEA. Barton, Bender, and Walter then filed a separate complaint asserting the same claim against the Township. The Township filed summary judgment motions with respect to both complaints, contending that Plaintiffs had failed to establish a *prima facie* case of age discrimination. The District Court denied both motions.

The cases were consolidated, and the Township again filed a motion for summary judgment, arguing that Plaintiffs failed to show that the Township's proferred reasons for denying promotions to Plaintiffs were a pretext for age-based discrimination. The District Court granted summary judgment to the Township on this ground. Plaintiffs now appeal.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's grant of summary judgment *de novo*. *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir. 2007). We apply the same standard as the District Court in determining whether summary judgment was appropriate. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 130 (3d Cir. 2002). Thus, summary judgment was proper if, viewing the record in the light most favorable to the nonmoving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Abramson v. William Paterson Coll.*, 260 F.3d 265, 276 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

## III.

### A.

Plaintiffs contend that the "secretive" and "subjective" promotion process was a mask for age discrimination, asserting that "the Township kept both the criteria and the

process secret." Appellants' Br. at 15, 17. We have noted that "informal, secretive and subjective hiring practices are suspect because they tend to facilitate the consideration of impermissible criteria." *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 350 (3d Cir. 1990). However, originally, the Township clearly communicated the criteria and process it sought to use. When the Board first decided to promote officers to sergeant, it issued a notice stating the experience and education applicants should have, providing the topics and specific questions applicants should address in their applications, and describing the new three-part promotional process. This process was abandoned, though, because eleven officers, including Burrows and Barton, objected to it. In support of their objection, they pointed out that in the then current "Logan Township Police Manual, . . . no promotional processes [were] described or defined," and "the promotional positions are by appointment." App. at 132. Thus, the Township reverted to the appointment system and abandoned the objective and transparent promotion system because virtually all of its officers objected to the new system and evidently favored promotions "by appointment." In these circumstances, the use of the appointment system does not raise an inference of age discrimination.

## B.

Plaintiffs argue also that certain inconsistencies between the Township's proffered reasons for denying promotions to Plaintiffs and actions by the Township at the time of the promotions are sufficient to show pretext. Specifically, Plaintiffs contend that: (1) the

6

Township's explanation that it promoted Officers Flinn, Patterson, and Hoover because they would best implement the PERF recommendations is inconsistent with the fact that the Township had not established or discussed this criterion before the promotions were made; (2) promoting Officers Flinn, Patterson, and Hoover based on their ability to implement the PERF recommendations is inconsistent with the fact that the "Township was ignoring PERF's recommendation to establish a procedure and criteria for the selection of sergeants," Appellants' Br. at 20; and (3) the fact that the Township retained Chief Heller and promoted Officers Hoover and Patterson, even though all of these individuals were critical of PERF, is inconsistent with denying promotions to Plaintiffs because they were critical of PERF.

We fail to see how these alleged inconsistencies are such "that a reasonable factfinder *could* rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (emphasis in original). First, the Supervisors' failure to discuss the PERF recommendations does not sufficiently cast doubt on the explanation that they sought applicants who would best implement those recommendations, especially given that the original vacancy notice directed applicants to discuss community policing, problem analysis, and leadership, all of which are important parts of the PERF recommendations. *See* App. at 201 ("The Logan Township Police Department requires

7

leadership that possesses the capacity and the desire to manage the police department by utilizing the practices of community oriented policing and problem oriented policing.").

Second, the Township did not ignore PERF's recommendation to establish a procedure and criteria for the selection of sergeants. In fact, as noted above, the Township established just such a procedure, but abandoned it because virtually all of its incumbent officers filed a grievance seeking to stop its implementation. In light of this fact, we fail to see an inconsistency between the abandonment of the new procedure and the desire to implement the PERF recommendations.

As the District Court noted, the record reflects that Chief Heller criticized PERF as an organization and did not criticize its recommendations. Accordingly, the fact that the Township retained his services is not inconsistent with Supervisor Meling's opposition to Plaintiffs because of their resistance to the PERF recommendations. In addition, Plaintiffs assert that they "heard Officers Hoover [and] Patterson . . . express criticism of PERF," *id.* at 433 (Bender Affidavit), and that Officer Patterson "expressed criticism of PERF," *id.* at 465 (Walter Affidavit), but there is no evidence that the Supervisors were aware of this alleged criticism from Officers Hoover and Patterson. Thus, the promotions of Officers Hoover and Patterson are not inconsistent with denying promotions to Plaintiffs on the ground that they were critical of the PERF recommendations.

C.

Finally, Plaintiffs contend that the District Court overlooked evidence of ageism in the Township, namely remarks made by Chief Rubin Moss, Chief Heller's predecessor, whose tenure ended more than a year before the promotions; Supervisor James Patterson, who was no longer on the Board when the promotions were made; and Township Manager Bonnie Lewis, who was not entitled to vote on the promotions. Relying principally on *Brewer v. Quaker State Oil Refining Corporation*, 72 F.3d 326 (3d Cir. 1995), Plaintiffs contend that these remarks show that an ageist atmosphere existed amongst the Township leadership and that this atmosphere eventually manifested itself in Plaintiffs being denied promotions.

In *Brewer*, we held that "stray remarks by non-decisionmakers . . . may provide some relevant evidence of discrimination," and thus "may . . . be considered by the jury as evidence of the corporate culture in which the employment decision to discharge [a plaintiff] was made." *Brewer*, 72 F.3d at 333-34; *see also Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 521 (3d Cir. 1997) ("[S]uch remarks can . . . constitute evidence of the atmosphere in which the employment decision was carried out."). However, we made clear in *Walden* that "comments by those individuals outside of the decisionmaking chain are stray remarks, which, *standing alone*, are inadequate to support an inference of discrimination." *Walden*, 126 F.3d at 521 (emphasis added).

We made this point even more clearly in *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992), where we held that sexist comments by a law

9

firm partner not involved in the decision to pass over a female associate for partnership were not "sufficient *in and of themselves* to . . . show that there was such a pervasive hostility toward women at [the firm] sufficient to show that [the] partnership decision was more likely the result of discriminatory bias than [the firm's] perception of [the associate's] legal ability." *Id.* at 547 (emphasis added). We explained:

> If we were to hold that several stray remarks by a nondecisionmaker over a period of five years, while inappropriate, were sufficient to prove that [the firm's] associate evaluation and partnership admission process were so infected with discriminatory bias that such bias more likely motivated [the firm's] promotion decision than its articulated legitimate reason, we would spill across the limits of Title VII.

*Id.* We distinguished *Ezold* from *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43 (3d Cir. 1989), *overruled on other grounds as recognized in Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 n.10 (3d Cir. 1995), in which we deemed relevant to an ADEA claim an ageist remark made by an executive of the employer, by noting that "[t]he other evidence supporting the verdict in favor of the plaintiffs in *Lockhart*, unlike the evidence in the present case, was substantial," and that the partner in *Ezold* "took no part in the final votes or evaluations concerning [the associate's elevation to partnership] because he had by that time left the firm." *Ezold*, 983 F.2d at 546-47.

Here, had there been other evidence of age discrimination, the remarks of Chief Moss, Supervisor Patterson, and Manager Lewis may well have been admissible to show the atmosphere in which the promotions decisions were made. However, as in *Ezold*,

10

these individuals were not entitled to vote on the promotions, and, as explained above, other substantial evidence of age discrimination is lacking. Thus, the statements of Chief Moss, Supervisor Patterson, and Manager Lewis are stray remarks by individuals outside of the decisionmaking chain that are insufficient to defeat summary judgment.

IV.

Plaintiffs have failed to make a sufficient showing that the Township's proffered reasons for denying promotions to Plaintiffs were a pretext for age discrimination. Thus, we will AFFIRM the judgment of the District Court.