**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2012
_____

JOHN JONES,
                         Appellant

v.

GEMALTO, INCORPORATED


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:11-cv-06902)
District Judge:  Honorable John R. Padova
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2013

Before:  MCKEE, *Chief Judge*, FUENTES, and SLOVITER, *Circuit Judges*.

(Opinion Filed:  March 20, 2014)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*.

    John Jones appeals the District Court's dismissal of his Title VII claims for failure

to train based on race and retaliatory discharge. *See* 42 U.S.C. § 2000(e). Jones did not

satisfy his burden of showing that his former employer, Gemalto, Incorporated, proffered

only pretextual reasons for its failure to train him. Additionally, Jones failed to raise a genuine issue of material fact with respect to his retaliatory discharge claim. Therefore, we affirm the District Court's grant of summary judgment for Gemalto as to both of Jones's claims.

## I.

Jones, who is African American, worked as a feeder operator in the Printing Department of Gemalto's Cardbodies Group. As a feeder, Jones assisted a press operator on a printing press that printed credit cards and ID badges, among other cards. The presses operated 24 hours a day in three 8-hour shifts.

Historically, Printing Department employees received undocumented "on the job" training, rather than formal training, and Jones had sought training to become a press operator. On September 30, 2010, however, Gemalto managers Joseph Wright and Joe Kamin held a meeting for Printing Department employees to introduce a formalized training system for printers. During the meeting, Jones complained of his inability to obtain the training he desired in the past. Afterwards, Jones informed Wright that his manager had instructed press operators to train him and that he believed he did not receive this training because of his race. Jones reiterated these concerns to a human resources director, to Ed Vega, the manager of the Printing Department, and to Andrew Lopez, his direct supervisor.

On April 28, 2011, Jones had a violent altercation with Ed Vega. Jones has acknowledged that he punched Vega on the head three or four times. Immediately after the altercation, in the middle of his shift, Jones left Gemalto without authorization and

2

did not report to work the next two days. Jones did not speak with a supervisor, anyone in Human Resources or the Security Department, or any other Gemalto employee before he left the facility. Nor did he contact anyone employed by Gemalto after he left the premises to discuss what happened or to notify the company that he would be absent the following two days.

After the altercation, three senior Gemalto employees conducted an investigation and determined that Jones initiated the fight with Vega. The investigation also determined that Jones's conduct violated several company policies, including: the Attendance Policy, the Code of Conduct regarding leaving work without authorization, and the Code of Conduct regarding acts of violence against employees in the workplace. A violation of any of these policies is grounds for termination. Gemalto concluded that Jones should be fired for leaving work without permission and for workplace violence, and the company notified Jones of his termination on May 2, 2011.

Jones filed a two-count complaint against Gemalto in the United States District Court for the Eastern District of Pennsylvania, alleging failure to train based on race and retaliatory discharge in violation of Title VII. As to the retaliatory discharge claim, Jones alleged that Gemalto terminated him in retaliation for his complaints of racial discrimination. The District Court granted summary judgment to Gemalto on both of Jones's claims, and Jones appealed.[1]

---

[1] Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must interpret the facts in the light most favorable to the non-movant. *Watson v. Abington Twp.*, 478 F.3d 144, 147

**II.**

The District Court correctly recognized that the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applied to Jones's Title VII claims. To survive summary judgment, a plaintiff must establish a prima facie case of retaliation or discrimination. Once the plaintiff presents a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the employer satisfies its burden, the plaintiff then must set forth evidence that would permit a reasonable factfinder to determine that the employer's proffered reasons were not its true reasons, but rather a pretext for discrimination. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999).

With respect to Jones's failure to train claim, the District Court concluded that Jones established a prima facie case of racial discrimination. Additionally, the District Court concluded that Gemalto presented a legitimate, nondiscriminatory reason for not providing Jones all of the training he wanted, namely that the company's nearly constant workflow meant there was not enough time for Jones to complete his training. The burden thus shifted to Jones to demonstrate by a preponderance of the evidence that Gemalto's proffered reason for not fully training him was pretextual. *See Fuentes v. Perskie*, 32 F.3d 759, 762-63 (3d Cir. 1994).

---

(3d Cir. 2007).We have jurisdiction to review the final order of the District Court pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002), and review factual findings for clear error, *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 257-58 (3d Cir. 2008).

We agree with the District Court that Jones "made no attempt to satisfy his burden at the third step. Rather, he has rested on his prima facie case." App. 21 (citation omitted). This doomed his claim. On appeal, Jones now argues pretext. However, Jones waived his pretext arguments by failing to raise them below. *See DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007). Therefore, we affirm the District Court's grant of summary judgment as to the failure to train claim.

Gemalto is also entitled to summary judgment on the retaliatory discharge claim. Assuming, without deciding, that Jones established a prima facie case of retaliation, Gemalto articulated several legitimate, non-retaliatory grounds for terminating Jones. For substantially the same reasons set forth in the District Court's decision, we conclude that Jones has failed to raise a genuine issue of material fact that Gemalto's stated rationale for firing him was pretextual. While Jones presents several additional pretext arguments on appeal, he has waived these arguments by failing to raise them below. *See id.*

## III.

For the foregoing reasons, we affirm the District Court's grant of summary judgment in Gemalto's favor on both of Jones's Title VII claims.

5