**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4321
_____

CHRISTOPHER MURDOCK

v.

BOROUGH OF EDGEWATER; BOROUGH EDGEWATER
POLICE DEPARTMENT;
DONALD MARTIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS CHIEF OF POLICE FOR THE BOROUGH OF EDGEWATER;
THOMAS BREEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
POLICE OFFICER FOR THE BOROUGH OF EDGEWATER;
DONALD L. SKIDMORE, DETECTIVE LIEUTENANT; JOHN DOES 1-15,
(FICTITIOUS NAMES), INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
AS POLICE OFFICERS FOR THE BOROUGH OF EDGEWATER;
JESSE HOLOWACZ

CHRISTOPHER MURDOCK, RICHARD T. LUZZI,
Appellants
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2:08-cv-02268)
Magistrate Judge: Honorable Madeline C. Arleo[*]
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 8, 2014
_____

Before: VANASKIE, COWEN, and VAN ANTWERPEN, *Circuit Judges*.

---

[*] Judge Arleo was a Magistrate Judge when this matter was litigated. She was
appointed to the District Court as a District Judge on November 21, 2014.

_____

OPINION[**]

_____

VANASKIE, *Circuit Judge*.

Attorney Richard T. Luzzi represented Christopher Murdock, who is not a party to this appeal, in a civil rights action against the Borough of Edgewater and several of its police officers. The case settled prior to trial, and the District Court entered an order closing the matter in April of 2012. Over a year after settlement, Luzzi sought the District Court's permissions to file, *nunc pro tunc*, a motion for attorney's fees pursuant to 42 U.S.C. § 1988. The District Court denied the motion, and Luzzi appealed. We conclude that the District Court did not abuse its discretion in denying his motion under the "extraordinary circumstances" standard of Fed. R. Civ. P. 60(b)(6) or the more lenient "excusable neglect" standard afforded by Fed. R. Civ. P. 6(b)(1)(B). Accordingly, we will affirm.

## I.

The underlying action, involving claims for excessive force and illegal seizure in violation of the Fourth and Fourteenth Amendments against members of Edgewater's police department, settled on the eve of trial for $90,000. By order dated April 20, 2012, the District Court closed the case. Pursuant to that order, either party could file a motion to reopen the matter within sixty (60) days if the settlement was not consummated.

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Neither party did so. More than one year later, on April 23, 2013, Luzzi filed a "Notice of Motion for Relief from Order and for Counsel Fees." (App. at 4.) Luzzi's Notice stated that he sought "partial relief from the Court's April 23, 2012 Order dismissing the above captioned case without costs, pursuant to Fed. R. Civ. P. 60, and for relief from Local Rule 54.2 extending the filing/hearing of plaintiff counsel's fee application." (App. at 5.)

Accompanying the Notice was Luzzi's Certification. The Certification claimed that his law firm incurred unreimbursed costs of $4,500.02 and fees of $99,955.50 for which recovery was sought under 42 U.S.C. § 1988. While acknowledging that he had only recently learned that the District of New Jersey required the filing of an affidavit in support of a fee application within thirty (30) days of an order closing a case, Luzzi listed a litany of reasons why he would not have been able to submit a fee application sooner than he did had he been aware of the filing deadline. He asked that his untimely fee application be accepted. Defendants opposed this request. On October 3, 2013, the District Court held a hearing on Luzzi's request to file his fee application late. On the same day, the District Court entered an order denying Luzzi's motion. This appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Once properly before the District Court, both parties consented to the jurisdiction of a United States Magistrate Judge over any and all proceedings in the case, including post-judgment proceedings, pursuant to 28 U.S.C. § 636(c)(1) and Federal Rule of Civil

3

Procedure 73. We have jurisdiction over Murdock's appeal from the Order of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(3). We review the District Court's order denying Luzzi's motion for an extension of time to file an application for attorney's fees and costs for abuse of discretion. *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (citing *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987)).

III.

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure sets forth the appropriate time for filing motions for attorney's fees. The rule states that such a motion must be "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Additionally, the District of New Jersey's Local Rule 54.2(a), in effect at the time of the settlement, required that "[i]n all actions in which a counsel fee is allowed by the Court or by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file with the Court an affidavit within 30 days of the entry of judgment or order, unless extended by the court . . . ." D.N.J. L. Civ. R. 54.2 (revised June 19, 2013).[1] Accordingly, Luzzi was required to file his application for attorney's fees by May 4, 2012, and his affidavit in support thereof by May 20, 2012. Although Luzzi has been generally admitted to practice before the District Court since 1989, he did not file a motion or affidavit within the prescribed periods, conceding that prior to March or April of 2013 he was unaware of the time limits set by Local Rule 54.2.

---

[1] The Local Rules for the District of New Jersey were updated on June 19, 2013, but the 30-day requirement remains unchanged.

4

Luzzi argues on appeal that the District Court improperly applied Fed. R. Civ. P. 60(b)(6)'s requirement that he demonstrate "extraordinary circumstances" such "that extreme and unexpected hardship will result absent" the District Court allowing him to file an application for attorney's fees. *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) (internal quotation marks omitted). Luzzi asserts that the District Court should have analyzed his motion under the less stringent "excusable neglect" standard set forth in Fed. R. Civ. P. 6(b)(1)(B).[2] Luzzi, however, filed his motion pursuant to Rule 60. He did not file a motion for an extension of time pursuant to Rule 6(b)(1)(B). Indeed, he did not mention Rule 6 in his filings or arguments before the District Court. "It is well established that arguments not raised before the District Court are waived on appeal." *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007) (citing *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003)). Accordingly, Luzzi's argument that the District Court should have applied Rule 6(b)(1)(B)'s "excusable neglect" standard is waived.

Even applying Rule 6(b)(1)(B)'s more lenient standard does not warrant a different result. In evaluating whether Luzzi has demonstrated "excusable neglect," we consider four factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

---

[2] Rule 6(b)(1)(B) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

5

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). All of these factors cut against Luzzi's contentions.

First and foremost, Luzzi was not even aware of either the Federal Rule's time limit for seeking attorney's fees set forth in Fed. R. Civ. P. 54(d)(2)(B)(i) or the time limit for presenting a supporting affidavit imposed by D.N.J. L. Civ. R. 54.2. His ignorance of the law is plainly not excusable neglect. *Consol. Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987). Indeed, in *Larson*, we cited with approval the Fifth Circuit's holding in *Campbell v. Bowlin*, 724 F.2d 484, 488–89 (5th Cir.1984), that failure to read the rules is *not* excusable. All of Luzzi's post hoc rationalizations for why he *could* not have met the national and local rule deadlines are meaningless given the obvious lack of professional competence at the time that a fee application was due. Furthermore, none of the reasons proffered by Luzzi for not being able to file a timely fee application suffice to justify his failure to seek an extension of time to file such an application.

Even if we were to consider the reasons for his purported inability to file a fee application before April 23, 2013, we would affirm the District Court's decision. Luzzi argues that various incidents, including moving his law firm and closing his office for eight business days because of a major storm, caused a backlog in his casework. However, "a busy caseload generally does not constitute a basis for a finding of excusable neglect." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 330 (3d Cir.

6

2012). These events occurred over a period of six months during which it appears Luzzi made no effort to file an application for attorney's fees with the District Court, alert the District Court of his intention to do so, or to review the applicable rules. Further, Luzzi does not articulate how doctor's orders that he reduce stress prevented him from reviewing the Federal Rules of Civil Procedure or the Local Rules. Luzzi's delay, although compounded by these events, was within his control and stemmed mainly from his own inaction.

Dealing next with whether Luzzi acted in good faith, we can discern no reason that constitutes grounds for a year-long extension. Luzzi's hiring of unhelpful outside counsel nine months after the fee application was due does not support finding good faith or excusable neglect. *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005) (negligence of outside counsel does not support finding of excusable neglect). Luzzi further argues that he was unaware of either Rule 54(d)(2)(B)'s or Local Rule 54.2's prescribed time limits, and he should therefore be granted an extension simply because he was unfamiliar with the applicable time constraints. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Further, as the District Court noted, he never discussed filing a fee application during the settlement conference and made no effort to alert the District Court that he intended to do so until a year after the case settled. Luzzi's confession that he did not know about the established time limits for seeking an award of fees does not demonstrate good faith.

7

The length of the delay also cuts against Luzzi's contentions. He filed the underlying complaint in May 2008, which included a claim for attorney's fees and costs. Despite four years of litigation, he did not research the Federal or Local Rules dealing with fee applications, which are customary in § 1983 actions, until nearly a year after the underlying action settled. The prejudice to the Appellees, combined with the delay's impact on the judicial process, further weigh against finding excusable neglect. There must be a finality to litigation. That is one of the reasons deadlines are established, and Luzzi offers no sound reason for not enforcing the fee application deadline here.

We conclude that Luzzi's proffered reasons for the delay, the lack of good faith attempts to learn of explicit deadlines, the length of the delay, and the prejudice to both the Appellees and the judicial process preclude an exercise of discretion to extend the fee application deadline. Because Luzzi's arguments do not demonstrate the "extraordinary circumstances" demanded by Rule 60(b)(6), or even "excusable neglect" under Rule 6(b)(1)(B)'s more lenient standard, the District Court did not abuse its discretion in denying Luzzi's motion to file an application for attorney's fees, *nunc pro tunc*.

## IV.

For the reasons discussed above, we will affirm the order of the District Court.