NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1533
_____

DAVID HOCHEISER,
                                            Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY LIFE INSURANCE
COMPANY OF BOSTON; CHRISTINA EAGEN; SHANNON WRIGHT; LINDSAY
MACK; NANCY WINTERER; BARBARA DURLING; JOHN DOE, #1-10; XYZ
CORPORATION, #1-10

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-06096)
Chief District Judge: Honorable Freda L. Wolfson
_____

Submitted on September 20, 2022
_____

Before:  AMBRO, RESTREPO, and FUENTES *Circuit Judges*.

(Filed:  January 31, 2023)
_____

OPINION*
_____

_____

* This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant, David Hocheiser, appeals from the District Court's Order granting Liberty Mutual's[1] summary judgment motion and dismissing Hocheiser's cross-motion for summary judgment. Because we agree with the District Court that Liberty Mutual's decision denying Hocheiser's long-term disability benefits ("LTD benefits") was not arbitrary and capricious, we affirm.

## I.

Hocheiser worked as a mortgage consultant for Wells Fargo & Company ("Wells Fargo"). In 2005, he reported that he was suffering from lower back pain. For the next nine years, Hocheiser sought treatment from varying physicians, including a chiropractor and a spine and sports medicine physician. In September 2013, Hocheiser stopped working and submitted a claim for short-term disability benefits. Subsequently, he sought medical opinions from a neurosurgeon, an orthopedic surgeon, two neurologists, a physical therapist, a sports medicine specialist, and a neurogeneticist. Based on the findings of these medical professionals, Liberty Mutual, who was responsible for paying disability benefits to qualifying Wells Fargo employees under the Wells Fargo Group Disability Income Policy, granted the full 6-month duration of Hocheiser's short-term disability benefits.

Following Liberty Mutual's grant of short-term disability benefits, Liberty Mutual opened Hocheiser's claim for LTD benefits, pursuant to the LTD plan ("Plan") governed

---

[1] Appellees are referred to herein collectively as Liberty Mutual Insurance Company ("Liberty Mutual").

by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001(a)(1)B), *et seq.* Liberty Mutual concluded that Hocheiser failed to meet the requirements for LTD benefits under its employee benefit welfare plan, and supported its decision with documentation, both medical and non-medical.

Hocheiser appealed the decision and provided additional medical records. Liberty Mutual then requested review by a board-certified neurologist. Based on the neurologist's findings, Liberty Mutual overturned its denial of LTD benefits and began paying Hocheiser LTD benefits while continuing its evaluation of Hocheiser's inability to work. After over a year of providing LTD benefits, Liberty Mutual terminated Hocheiser's LTD benefits because he was capable of full-time sedentary work, which made him ineligible for such benefits under the Plan. Again, Liberty Mutual supported its decision with both medical and non-medical evidence.

Hocheiser appealed Liberty Mutual's decision a second time. This appeal was denied due to Hocheiser's failure to meet his burden of proving disability under the Plan. This decision was supported by a review of Hocheiser's entire file. Upon the denial of his second appeal, Hocheiser exhausted administrative appeals.

He filed suit in the Superior Court of New Jersey, and the case was removed to the United States District Court for the District of New Jersey. On July 9, 2020, Hocheiser and Liberty Mutual filed cross-motions for summary judgment.

In granting Liberty Mutual's summary judgment motion, the District Court found that Liberty Mutual's decision to deny Hocheiser's LTD benefits was supported by the record, including: the opinions and reports from numerous medical professionals; the absence of a genetic disorder that could be the cause of Hocheiser's pain;[3] evidence of Hocheiser's functionality; and a complete file review by multiple independent board-certified physicians. The District Court correctly reviewed Liberty Mutual's decision under the arbitrary and capricious standard, since the Plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. *See Fleisher*, 679 F.3d at 120-21.

"An administrator's decision is arbitrary and capricious if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. Am. Airlines*, 632 F.3d 837, 845 (3d Cir. 2011) (internal quotation marks omitted); *see Fleisher*, 679 F.3d at 121. An administrator's factual findings are not arbitrary and capricious when they are supported by substantial evidence, which is defined as relevant

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo," applying "the same standards and presumptions as the District Court." *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019). Because the Plan confers on Liberty Mutual the discretionary authority to determine eligibility of benefits, the parties acknowledge that we review Liberty Mutual's denial of LTD benefits for abuse of discretion under the arbitrary and capricious standard. *See, e.g., Fleisher v. Std. Ins. Co.*, 679 F.3d 116, 120-21 (3d Cir. 2012).

[3] Hocheiser was concerned that he suffered from a genetic condition because his three children were diagnosed with acromicriodysplasia. No doctor diagnosed Hocheiser with any such condition.

evidence that a "reasonable mind might accept as adequate." *Fleisher*, 679 F.3d at 121. Ultimately, under the Plan, Hocheiser bears the burden of proving disability, and he has failed to do so.

Hocheiser argues that Liberty Mutual's lack of an independent medical examination ("IME") is unreasonable. However, as explained, Hocheiser bears the burden of proving medical disability.[4] Further, although Hocheiser complains that the lack of conclusive evidence in his file demanded an IME, the record demonstrates that there was ample evidence in the record to deny benefits without an IME. We agree with the District Court that the record shows Hocheiser's ability to work at a sedentary level was well-established, and there was no need for an IME.

Hocheiser argues that the District Court erred in finding that he failed to establish a prima facie case for entitlement to LTD benefits. He claims the District Court mischaracterized the record and that there is evidence of his pain. However, the record supports the District Court's findings, and multiple physicians found that Hocheiser could perform work at a sedentary level.[5]

---

[4] Neither ERISA nor the Wells Fargo employee benefit plan requires an independent medical examination.

[5] To the extent that Hocheiser argues for the first time on appeal that the Court must consider Liberty Mutual's role as both claim payer and claim evaluator, as Liberty Mutual points out, "It is well established that arguments not raised before the District Court are waived on appeal," *see DIRECTV Inc. v. Sijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007). Further, in addition to pointing out that Hocheiser did not raise a conflict of interest argument, the District Court pointed out the lack of evidence of conflict in this case and also pointed to a number of safeguards adopted by Liberty Mutual to alleviate concerns regarding structural conflicts. Thus, the District Court did consider the issue of a conflict of interest as a factor, and it determined that the record as a whole does not

Ultimately, the burden of proving disability falls upon Hocheiser.  Liberty Mutual does not have to disprove any claim of disability nor does it have to conduct its review of Hocheiser's claim in the way Hocheiser wants.  We agree with the District Court's decision that, under the applicable arbitrary and capricious standard, the evidence in the record was more than sufficient to support the conclusion that Hocheiser failed to satisfy his burden of proving he was entitled to LTD benefits.  The District Court correctly concluded that Liberty Mutual appropriately exercised its discretion and that Liberty Mutual's denial of LTD benefits was supported by the evidence.  *See Miller*, 632 F.3d at 845 (internal quotations and citations omitted).

For the foregoing reasons, we affirm the Order of the District Court.

---

support a conclusion that Liberty Mutual abused its discretion in denying LTD benefits. We agree.