**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3294
_____

KAREEM HASSAN MILLHOUSE,
                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01971)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: April 14, 2017)
_____

OPINION*
_____

PER CURIAM

        Kareem Hassan Millhouse, a federal prisoner proceeding pro se, appeals from the

District Court's order denying his petition for a writ of habeas corpus pursuant to 28

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

U.S.C. § 2241. His petition sought relief from sanctions imposed in prison disciplinary proceedings. We will affirm.

According to the incident report, on December 14, 2013, pursuant to a contraband search of the cell assigned to Millhouse, Bureau of Prisons ("BOP") staff found an orange bag filled with homemade intoxicants. An Alcosensor test was conducted and the liquid tested positive for being an intoxicant. An incident report was filed and provided to Millhouse. When the investigating officer informed Millhouse of the incident report and his rights, Millhouse stated, "[t]he report is correct, I can't dispute it." The investigator referred the incident report to the Unit Discipline Committee "(UDC"). Millhouse appeared before the UDC and declined to make a statement. The UDC referred the charge to the Disciplinary Hearing Officer ("DHO") for further proceedings.

Millhouse was informed of his rights at a discipline hearing on December 17, 2013. Millhouse did not request a staff representative or to call any witnesses. On January 8, 2014, Millhouse appeared before DHO Lane for his discipline hearing and admitted to possessing alcohol. Based on Millhouse's admission and the supporting documentation, DHO Lane concluded that the evidence supported a finding that Millhouse committed the prohibited act. DHO Lane sanctioned Millhouse to a disallowance of good conduct time of forty days and a loss of visiting and commissary privileges for ninety days. The DHO documented his findings in a written report and notified Millhouse of his appellate rights.

2

On October 10, 2014, Millhouse filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights were violated during the disciplinary proceedings. The District Court denied his petition. Millhouse timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Millhouse's procedural due process challenge to the disciplinary hearing was properly brought under § 2241 because it entailed the loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997). We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

In his brief, Millhouse argues that a different disciplinary hearing, regarding an incident where a knife was found in his mattress, violated his constitutional right to due process.[1] It is well established that arguments not raised before the District Court are waived on appeal. DIRECTV Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007). Moreover, Millhouse failed entirely to address in his brief the disciplinary hearing he challenged in his habeas corpus petition, and this failure constitutes a waiver on appeal.

---

[1] Millhouse's habeas petition does not describe the incident underlying the disciplinary hearing he challenged. In response to the petition, the Respondent explained that, although Millhouse did not provide a date, report number, or description of the incident, he provided the administrative remedy numbers issued in his administrative appeal. With this information, the Respondent determined the disciplinary hearing occurred on January 8, 2014, and concerned Millhouse's possession of alcohol on December 14, 2013. See Response, Dkt. 6 at 1-2 n.1. In his objections, Millhouse did not challenge the Respondent's characterization of his petition as challenging the disciplinary hearing for his possession of alcohol.

United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). In any event, the District Court correctly denied Millhouse's petition.

A disciplinary hearing that may result in the loss of good time credit must provide certain due process safeguards to a prisoner, including: (1) at least 24-hour advance notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citations omitted). This standard is not stringent and the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Millhouse contended in the District Court that he was precluded from appearing at his disciplinary hearing. He has failed to substantiate this claim. To the contrary, the evidence supports the District Court's finding that Millhouse was present for his hearing before the DHO and that he was provided the requisite procedural safeguards. Millhouse was provided notice of the charges against him, had the opportunity to present witnesses

4

and evidence, and received a copy of the DHO's written report.  The charge was supported by Millhouse's admissions and BOP staff reports, and no contradictory evidence was presented.  Although Millhouse requested that the District Court obtain and review a surveillance video, the District Court correctly declined to do so as minimum requirements of procedural due process do "not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455.

Accordingly, we will affirm the judgment of the District Court.