**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2899 & 19-2900
_____

LINDA SONDESKY

v.

CHERRY SCAFFOLDING INC.; STEPHEN ELLIS,
                    Appellants in No. 19-2899

STEPHEN EDWARD ELLIS,
                    Appellant in No. 19-2900
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. Nos. 2-16-05667, 2-17-04280)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 14, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion Filed: September 13, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellee Linda Sondesky brought claims against her former employer, Cherry Scaffolding, Inc., and Cherry Scaffolding's president, Stephen Ellis (together, the "Appellants"), for, among other things, retaliation under the Fair Labor Standards Act of 1938 ("FLSA"), 28 U.S.C. § 201 *et seq.*, and defamation.[1] Appellants counterclaimed for conversion of the overtime monies paid to Sondesky. A jury found in Sondesky's favor on all claims, and Appellants moved for judgment notwithstanding the verdict, or, in the alternative, a new trial. The District Court denied the motions. Appellants appealed, arguing that (1) Sondesky was an exempt employee under the FLSA, and therefore her retaliation claims failed, and (2) punitive damages were improperly granted. We will affirm the District Court's order.

## I. BACKGROUND

Sondesky worked as a bookkeeper for Cherry Scaffolding from October 2015 to March 2016. Sondesky testified that early in her employment, she had a telephone conversation with Ellis, in which they agreed that the office was "a mess," and that it would take Sondesky overtime hours to get "all of this straightened out." App. 56. Sondesky testified that Ellis agreed to her additional hours during this conversation and that she proceeded to submit weekly timesheets to Ellis reflecting her overtime hours.

In 2016, Cherry Scaffolding terminated Sondesky for insubordination. Following Sondesky's termination, Cherry Scaffolding filed a lawsuit against Sondesky in a

---

[1] Sondesky filed two separate lawsuits—one against Cherry Scaffolding and one against Ellis. The cases were consolidated for trial.

Pennsylvania small claims court, accusing her of stealing money for overtime and seeking to recover overtime compensation from Sondesky. Although Sondesky prevailed in the suit in small claims court, the matter did not end there. Ellis contacted several of Sondesky's former employers, emailing at least one, and accused Sondesky of stealing money from Cherry Scaffolding.

As a result of Ellis's actions, Sondesky brought suit against Appellants in the Eastern District of Pennsylvania, claiming, *inter alia*, that: (1) Cherry Scaffolding and/or Ellis unlawfully retaliated against her, in violation of the FLSA, by suing her in small claims court; (2) Ellis unlawfully retaliated against her, in violation of the FLSA, by sending an email to her former employer which stated, among other things, that Sondesky stole money from Cherry Scaffolding; and (3) Ellis unlawfully defamed Sondesky when he sent that email to her former employer.[2] Appellants brought counterclaims for breach of fiduciary duty and conversion.

The District Court held a jury trial. At the close of Sondesky's case, Appellants made a Federal Rule of Civil Procedure 50 motion seeking judgment as a matter of law. The District Court denied the motion, and all the claims proceeded to the jury, which found in favor of Sondesky and against Appellants with respect to all claims. The jury awarded Sondesky $1,000 in compensatory damages for her first retaliation claim, $1 in nominal damages for her second retaliation claim, and $100,000 in punitive damages for

---

[2] Sondesky's other claims were either dismissed or withdrawn before trial.

her defamation claim. The jury did not award compensatory damages for Sondesky's defamation claim.

Thereafter, Appellants moved for judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, a new trial. The District Court denied the motion. This timely appeal followed.

## II. DISCUSSION[3]

Appellants argue that the District Court erred in denying its motion for judgment notwithstanding the verdict. We exercise plenary review over the District Court's denial of judgment notwithstanding the verdict. *In re Lemington Home for the Aged Official Comm. of Unsecured Creditors*, 777 F.3d 620, 626 (3d Cir. 2015).

A motion for judgment notwithstanding the verdict pursuant to Rule 50(b) should only be granted "if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Id.* (quoting *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001)). In making that determination, "we must examine the record in a light most favorable to [Sondesky as the non-moving party], giving her the benefit of all reasonable inferences, even though contrary inferences might reasonably be drawn." *Id.* (quoting *Dudley v. S. Jersey Metal, Inc.*, 555 F.2d 96, 101 (3d Cir. 1977)).

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, because Sondesky's Amended Complaint asserted a claim arising under the FLSA, and supplemental jurisdiction over Sondesky's Pennsylvania state law claims and Cherry Scaffolding's counterclaims pursuant to 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

### A. Appellants Forfeited the Argument Regarding Sondesky's Employment Status

As a preliminary matter, Appellants argue that the District Court erred by finding that Sondesky was a non-exempt employee under the FLSA.[4] This general issue was presented to the District Court, including in a pretrial order and in proposed jury instructions. The District Court declined to give those instructions to the jury.[5] However, we need not decide whether that action by the District Court was proper because that question is not before us today—Appellants do not appeal the District Court's decision to not instruct the jury on that point. *See Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) (noting that this Court does not reach arguments not raised in an appellant's opening brief).

Appellants *only* appeal the denial of their motion for judgment notwithstanding the verdict. Therefore, whether the evidence supported that Sondesky was a non-exempt employee, for the purposes of a motion for judgment notwithstanding the verdict, is now raised for the first time on appeal.[6]

---

[4] The FLSA creates two classifications of employees—exempt and non-exempt. *See* 29 U.S.C. § 213. Pursuant to the FLSA, employers are not required to pay exempt employees overtime wages. 29 U.S.C §§ 207(a)(1), 213. Thus, Appellants now argue that Sondesky was not entitled to overtime pay thereby undermining her retaliation claims.

[5] While the parties do not explain the District Court's decision on appeal, the record supports that the District Court found Sondesky's employment status was irrelevant for determining Sondesky's retaliation claims.

[6] To the extent Appellants are insinuating that the District Court was required to address this issue *sua sponte* in its order denying the motion for judgment notwithstanding the verdict, they provide no case law or argument to support this proposition.

It is clearly established that this Court does not generally consider arguments that are not preserved in the district court. *See, e.g., id.* at 145–47; *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018); *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007). Arguments that are not preserved are either waived or forfeited. *Barna*, 877 F.3d at 146. Appellants have forfeited, rather than waived, this claim as they failed to timely assert it before the District Court.[7] *See id.* at 147.

In civil cases, while this Court does not review waived claims, we will review forfeited ones when "exceptional circumstances" exist, such as "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." *Id.* (quotations and citations omitted) (alterations in original). No such circumstances exist here. Accordingly, because Appellants' argument that Sondesky was an exempt employee under the FLSA is forfeited, and because no exceptional circumstances exist, we will not reach the merits of this claim.

### B. Sufficient Evidence Supports the Jury's Verdict

Appellants contend that the evidence presented at trial was insufficient to support the jury's verdict on both of the retaliation claims. To establish a retaliation claim, a plaintiff must show that (1) she engaged in protected activity; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to the protected activity. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).

---

[7] Waiver is the "intentional relinquishment or abandonment of a known right," whereas, in contrast, forfeiture "is the failure to make the timely assertion of a right." *Barna*, 877 F.3d at 147 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

## i. 1ˢᵗ *Retaliation Claim*

In addition to its forfeited argument that Sondesky was an exempt employee, Appellants contend that trial evidence was insufficient for a jury to conclude that they retaliated against Sondesky in violation of the FLSA when they sued her in small claims court as a result of her making a complaint asking to be paid overtime.  Appellants assert that the trial evidence was insufficient because (1) Sondesky engaged in no protected activity and (2) there was no causal connection between such complaint and the small claims court action.  This argument fails because, taking the evidence in the light most favorable to Sondesky, there was sufficient evidence presented at trial from which the jury reasonably could find that Sondesky engaged in a protected activity and that Appellants' lawsuit was causally related to her filing a complaint seeking overtime.

"To fall within the scope of the [FLSA] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  Oral complaints meet this standard.  *Id*.

At trial, Sondesky testified that, shortly after she began working for Cherry Scaffolding, she had a telephone conversation with Ellis asking for overtime wages, and that she sent Ellis a weekly breakdown of payroll timesheets that clearly indicated her overtime hours.  Contrary to Appellants' argument that these actions do not "even remotely suggest an assertion of rights or objection[s]," Appellants' Br. 23, this is sufficient evidence to support the jury's finding: Sondesky told Ellis she would need to

work more hours given the state of the business and submitted payroll sheets reflecting that request, thus asserting her rights to overtime pay and engaging in a protected activity under the FLSA.

Additionally, there is sufficient evidence presented at trial from which the jury could find a causal connection between Sondesky's protected activity and the small claims court action as Ellis testified that once he learned Sondesky had paid herself overtime, he pursued action in small claims court. This is sufficient for a jury to find a causal connection between Sondesky's protected activity—a complaint for overtime pay—and the small claims action against her.

Therefore, Appellants' argument fails.

### ii. *2ⁿᵈ Retaliation Claim*

Appellants also argue that the trial evidence was insufficient for a jury to conclude that Ellis retaliated against Sondesky in violation of the FLSA when he sent an email to her former employer. In that email, Ellis wrote that Sondesky stole money from Cherry Scaffolding, as a result of Sondesky's protected activity under the FLSA.

Appellants make this argument only in the heading of a section of the brief. We are not clear on the substance of this argument as they make no other reference to it, and it is therefore forfeited. *See Ethypharm S.A. France v. Abbott Labs.,* 707 F.3d 223, 231 n.13 (3d Cir. 2013) (noting this Court has "consistently held that '[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court'") (alterations in original)

(quoting *Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).  Therefore, we need not address this scarcely mentioned argument.

### C. Punitive Damages were Permissible

Appellants contend that the recovery of punitive damages for defamation is not permitted under Pennsylvania law when the jury does not award compensatory damages if the jury does not also find actual malice.[8]  Sondesky argues that the jury did find actual malice, but even if they did not, punitive damages are permissible when there is a finding that the party acted intentionally, recklessly, or with reckless indifference.

As the District Court noted, under Pennsylvania law, punitive damages may be awarded absent compensatory damages as long as there is a cause of action that supports the imposition of punitive damages.  In fact, Pennsylvania law permits punitive damages when there is "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  *Hutchison ex. rel. Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

Here, the verdict sheet shows the jury answered in the affirmative as to whether "Steven Ellis both act[ed] intentionally or recklessly in sending the email, *and* act[ed] with malice or reckless indifference to the rights of Linda Sondesky[.]"  App. 15 (emphasis added).  Thus, the jury actually determined that Ellis acted with actual malice or reckless indifference to Sondesky's rights.  Therefore, Appellants' argument fails.

---

[8] To the extent Appellants make a constitutional argument as to the punitive damages, this argument has been forfeited as it was not raised in post-trial motions before the District Court.  *Barna*, 877 F.3d at 147 (stating that forfeiture is the failure to timely raise an argument before the lower court).

## III. CONCLUSION

For the reasons set forth above, we will affirm the District Court's order denying Appellants' motion for judgment notwithstanding the verdict, or, in the alternative, a new trial.