**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1779
_____

PAUL HANSON,
Appellant

v.

SUSSEX COUNTY PROSECUTORS OFFICE; VANESSA HENDERSON, Sussex
County Prosecutor in their official capacity; VERNON TOWNSHIP POLICE
DEPARTMENT; MATT HACKETT, Police Officer in their official and individual
capacity; RUSSO, Police Officer in their official and individual capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-07770)
District Judge: Honorable Evelyn Padin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 22, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Paul Hanson appeals pro se from the District Court's order dismissing his complaint. We will affirm.

I.

In July 2024, Hanson filed a civil suit against the Vernon Township Police Department, two of its officers, and a Sussex County Prosecutor ("Defendants") regarding incidents that began at his late son's funeral on June 26, 2020. Hanson's estranged ex-wife had recently informed him of his son's passing and told him he was permitted to attend the funeral to pay his respects, for one hour.[1] When he arrived at the funeral home, Hanson was greeted by police officers from the Vernon Township Police Department. The officers stayed with and supervised Hanson for the entirety of his visit and cut his time short by escorting him from the chapel after 40 minutes. Hanson later sent a floral arrangement to the funeral home, which led to his being charged with violating a temporary restraining order pertaining to his ex-wife. These charges were ultimately dismissed.

In his complaint, Hanson alleged his police escort caused him emotional harm by infringing on his constitutional rights and the Sussex County prosecutor criminally charged him without probable cause. In addition to his 42 U.S.C. § 1983 claims, Hanson brought a claim for intentional infliction of emotional distress and sought an injunction to expunge his criminal record. Defendants filed a motion to dismiss, claiming Hanson's complaint was time-barred and that he had failed to state a claim upon which relief could

---

[1] Hanson was subject to an unspecified temporary restraining order.

be granted.  After Hanson filed a response, the District Court determined that Hanson's claims were untimely and he had failed to articulate any basis for tolling the statute of limitations, granted the Defendants' motion, and dismissed his complaint with prejudice. Hanson appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's dismissal of a complaint under Federal Rule of Procedure 12(b)(6). Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A statute-of-limitations defense may be raised at the Rule 12(b)(6) stage if the defense is apparent on the face of the complaint.  See Rivera v. New Castle Cnty. Police Dep't, -- F.4th ---, No. 24-1338, 2025 WL 2396855, at *3 (3d Cir. Aug. 19, 2025).

## III.

We will affirm the District Court's timeliness dismissal.  Hanson does not challenge the District Court's determination that he untimely filed his complaint more than two years after the causes of action accrued, and has therefore forfeited any such argument.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146–47 (3d Cir. 2017); see generally Dique v. N.J. State Police, 603 F.3d 181, 185 (3d

3

Cir. 2010) (explaining that New Jersey mandates a two-year statute of limitations for personal injury torts, which provides the statute of limitations for § 1983 claims).

On appeal, Hanson argues for the first time that he is entitled to equitable tolling because he timely initiated a related complaint in 2021, and the "Relationship Back Rule," i.e., Federal Rule of Civil Procedure 15, tolled the statute of limitations.[2] However, we do not consider arguments that were not raised below. See DIRECTV Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007). And Hanson's assertion would nonetheless fail on the merits—Rule 15 is limited to amended pleadings and does not apply to new and separate cases. See Bailey v. N. Ind. Pub. Serv. Co., 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading."). Accordingly, the relation back doctrine does not serve to render Hanson's new complaint timely.

Finally, we are satisfied that, under these circumstances, granting Hanson leave to amend would have been futile and the District Court appropriately dismissed his complaint with prejudice. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Thus, we will affirm the District Court's judgment.

---

[2] Hanson also vaguely referenced the "worldwide covid crisis" but failed to articulate its impact on his ability to timely file this complaint.